## BULLITT *v.* OVERFIELD.

Proof that a paper offered as evidence in a cause, is a true copy of the original admitted to be lost—held, to be sufficient to authorize its going to the jury.

ON AN APPEAL from the Cape Girardeau Circuit Court.

WASH, J., delivered the opinion of the Court.

This was an action of detinue brought by Overfield against Bullit, for a negro woman slave and her child. The cause was submitted to the decision of the Court below without the intervention of a jury, when judgment was given for Overfield. To reverse which Bullitt has appealed to this Court. On the trial of the cause in (5) the Circuit Court, "the plaintiff below offered in evidence a copy of a receipt which was said to be lost or mislaid. The counsel for the defendant agreed that the copy might be considered as the original and treated as such." The paper offered was in the following words, viz: "Received of Thomas W. Graves and Samuel Ravenscroft, administrators of the estate of Levi Wolverton, deceased, a negro woman and boy child, named Willis, at *thar apprased* value, as part of my *porion* as a heir to said estate, which was appraised to seven hundred dollars, received by me, Mary Wolverton. Attest, Charles Seavers (dated) January 20th, 1820."

It was then proved by Charles Seavers, the subscribing witness, that in June, 1822, "he saw Mary Wolverton sign a receipt similar to the present one, (as he understood it to be, for he did not read it,) and he subscribed his name as a witness thereto, and that he did not recollect having ever witnessed in 1820, a receipt like the one offered." The plaintiff then proved by Thomas W. Graves, that the paper offered was a copy of the receipt witnessed by said Seavers in 1822. That in January, 1820, he, Graves, took a receipt from Mary Wolverton for the negro woman and her child, which was dated at the time when he delivered the negroes; that he did not like the receipt because it did not express that Mrs. Wolverton received said negroes as a part of her interest in said estate, and therefore destroyed it and took the one of which the paper offered was a copy, bearing the same date as the original one. Other testimony was given which has no bearing upon the question on which the Court decide this cause, and need not be noticed. The defendant below objected to the reading

of the paper offered, on the ground that it was not proven to be a copy of the original receipt. Seavers proves that in 1822 he witnessed a paper of which he did not know the contents, &c. Graves proves that the paper offered is a copy of that very paper so witnessed by Seavers in 1822, and explains why it bears a different date. The evidence, whether conclusive or not, was certainly sufficient to have permitted the paper to go to the jury, had one been sitting in the cause, or to the Judge sitting as a jury. No question is raised as to the legal effect of the instrument. In the judgment of the Circuit Court we see no error; it is therefore affirmed, with costs.

